IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

KEVIN VOELKER,

*Plaintiff,*

v.

ONSITE SERVICE SOLUTIONS
INC. , DBA THE BOAT SHOP,
ADVANCED RETAIL SERVICES,
INC., AND BEN STUDER,

*Defendants.*

Civil Action File No.  2:16-cv-168-WCO

## COMPLAINT FOR DAMAGES

Plaintiff Kevin Voelker files this Complaint against his former employers Defendant Onsite Service Solutions Inc. *dba* The Boat Shop, Advanced Retail Services, Inc., and Ben Studer for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*., showing the Court as follows:

## Jurisdiction and Venue

1.     The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4) and 29 U.S.C. § 216(b).

- 1 -

2.      Defendant Onsite Service Solutions Inc. is a business located at 25 Shoreline Trail, Clarkesville, Georgia 30523 and may be served pursuant to Federal Rule of Civil Procedure 4(h) by service upon its registered agent in the State of Georgia, Mr. Ben Studer, 3717 Verde Glen,  Cumming, GA 30040. After service, Defendant shall be subject to the *in personam* jurisdiction of this Court.

3.      Defendant Advanced Retail Services, Inc. is a business located at 5815 Shady Grove Road, Cumming, Georgia 30041 and may be served pursuant to Federal Rule of Civil Procedure 4(h) by service upon its registered agent in the State of Georgia, Mr. Ben Studer at the same address.  After service, Defendant shall be subject to the *in personam* jurisdiction of this Court.

4.      Defendant Ben Studer is the corporate organizer for the incorporator for Advanced Retail Services, Inc. and Onsite Service Solutions, Inc., the CFO, CEO, and Secretary of Onsite Solutions, Inc., the CFO and CEO of Advanced Retail Services, Inc., and the registered agent for both entities. Defendant Studer may be served with the complaint and summons by serving same upon him at The Boat Shop at 25 Shoreline Trail, Clarkesville, Georgia 30523, after which service said Defendant shall be subject to the *in personam* jurisdiction of this Court, with venue being proper in this Court pursuant to 28 U.S.C. §1391 and 28 U.S.C. §90.

- 2 -

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this judicial district and a substantial part of the events giving rise to Plaintiff's claim against Defendants occurred in this district.

6.      Venue in the Gainesville Division of the Northern District of Georgia is proper because the Defendants reside within this division.  LR 3.1 (B)(1)(a), NDGa.

## Factual Allegations

7.      At all times relevant to this Complaint, Defendants have maintained offices, conducted substantial business in Georgia, and been registered with the Georgia Secretary of State.

8.      Upon information and belief, Defendants were Plaintiff's employers within the meaning of 29 U.S.C. §203(d) and/or are successors in interest.

9.      Ben Studer is the corporate organizer for the incorporator for Advanced Retail Services, Inc. and Onsite Service Solutions, Inc.

10.     Ben Studer is the CFO, CEO, and Secretary of Onsite Solutions, Inc.  He is CFO and CEO of Advanced Retail Services, Inc.  He is the registered agent for both Defendants.

11.     Defendants Advanced Retail Services, Inc. lists 5815 Shady Grove Road, Cumming, Georgia 30041 as its principal place of business with the Secretary of State.  Defendant Onsite Service Solutions, Inc. lists 5815 Shady Grove Road, Cumming, Georgia 30041 as its office address on Georgia DOL documents.  Also, Defendant Onsite Service Solutions, Inc.'s paychecks to Plaintiff listed the Shady Grove address.

12.     Upon information and belief, Defendant business entities were Plaintiff's employers within the meaning of the Fair Labor Standards Act on the basis that they jointly employed Plaintiff and/or constituted an integrated enterprise and/or are liable to Plaintiff as successors in interest, such that they may be held liable to Plaintiff for the actions complained of herein.

13.     Defendant Onsite Service Solutions Inc. is an enterprise engaged in interstate commerce pursuant to §3(s) of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 203(s)(1)(B), because its annual gross sales or business done exceeds $500,000.00 and its "employees engage[] in commerce" or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

14.     Defendant Advanced Retail Services, Inc. is an enterprise engaged in interstate commerce pursuant to §3(s) of the Fair Labor Standards Act, ("FLSA"),

29 U.S.C. § 203(s)(1)(B), because its annual gross sales or business done exceeds $500,000.00 and its "employees engage[] in commerce" or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

15.    Defendant Onsite Service Solutions Inc. is and was at all times relevant to this Complaint an employer as defined by § 3(d) of the Act, 29 U.S.C. § 203(d).

16.    Defendant Advanced Retail Services, Inc. is and was at all times relevant to this Complaint an employer as defined by § 3(d) of the Act, 29 U.S.C. § 203(d).

17.    Defendant Studer is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.    Defendant Onsite Service Solutions Inc.  is governed by and subject to Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, 215.

19.    Defendant Advanced Retail Services, Inc.  is governed by and subject to Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, 215.

20.    Defendant Ben Studer is governed by and subject to Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, 215.

21.    Plaintiff was employed by the one or more of the Defendants as a boat detailer. He was employed from April 20, 2014 through early July, 2015.

22.    As a boat detailer, his primary duty was detailing boats.  The majority of the boat details were performed at The Boat Shop.  In addition, he performed the following duties:  taking daily trash to dump, washing and folding towels, stocking and ordering supplies for the business, interacting with customers, grounds cleaning, bathroom cleaning, and limited maintenance of boats.

23.    Ben Studer, on behalf of one or more of the Defendants, directed Plaintiff's daily duties by telling him which boats needed to be detailed and specifying other duties.

24.    Plaintiff worked out of Defendants' store, The Boat Shop, in Clarkesville, Georgia.

25.    One or more of the Defendants provided the materials Plaintiff used to complete his work.

26.     Throughout his employment by Defendants, Plaintiff was Defendants' "employee" as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

27.    Plaintiff's initially earned $7.25 per hour.

28.    Within weeks, Plaintiff's pay was increased to $9.25 per hour.

29.    During his employment, Defendants routinely required or permitted Plaintiff to work overtime, i.e., in excess of 40 hours per week.

- 6 -

30.     Plaintiff raised the issue of overtime with Mr. Studer.  But, given Mr. Studer's reaction and Plaintiff's need to keep his job, Plaintiff was not in a position to continue arguing about overtime.

31.     If Plaintiff was required to miss work because of sickness or otherwise, Defendants withheld pay.

32.     Plaintiff did not work less than forty (40) hours per week without Defendants reducing his pay.

33.     Defendants paid Plaintiff straight time for all hours worked.

34.     Defendants did not pay Plaintiff overtime for hours worked over 40 per week.

35.      Plaintiff was not employed by Defendants in an executive, administrative, or professional capacity pursuant to 29 U.S.C. § 213(a)(1) and was not subject to any other exemptions contained in the FLSA or in any regulations interpreting the FLSA during his employment.

36.     In early July, 2015, Plaintiff texted Mr. Studer on at least two occasions inquiring as to the status of his paycheck.  Mr. Studer never paid Plaintiff and instead terminated his employment.

### **Count I - Claim for Unpaid Overtime (Violation of 29 U.S.C. § 207)**

37.     Plaintiff incorporates the preceding paragraphs of this Complaint in this Count I by reference as if they were fully stated herein.

38.     Defendants violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing and refusing to pay all earned overtime wages as required by law to Plaintiff, who was a non-exempt employee.

39.     Defendants' violation of the FLSA was "willful," as defined by the Act, and Defendant's failure and refusal to comply with the FLSA constitutes a willful violation of Section 7(a) of the FLSA, 29 U.S.C. 207(a), for purposes of determining the applicable statute of limitations under 29 U.S.C. § 255(a).

40.     Plaintiff is entitled to all such unpaid overtime compensation and an additional, equal amount as liquidated damages, for all uncompensated, overtime hours worked by him at any time during the two-year period immediately preceding the filing of this lawsuit pursuant to Section 16 of the FLSA, 29 U.S.C. § 216.

**Count II—Claim for Retaliation (Violation of 29 U.S.C. § 215)**

41.     Plaintiff incorporates the preceding paragraphs of this Complaint in this Count II by reference as if they were fully stated herein.

38.     Plaintiff was and is entitled by Section 15 of the FLSA, 29 U.S.C. § 215, to

engage in and assert FLSA protected activities and rights without retaliation.

39.    Plaintiff's request for pay are protected activities under Section 15 of the FLSA.

40.    Defendants terminated Plaintiff as retaliation for ensuring compliance of the FLSA and challenging Defendants' illegal and improper minimum wage practices.

41.    Defendants did not terminate Plaintiff for good cause or on lawful grounds.

42.    As a result of Defendants' illegal retaliation, Plaintiff is entitled to recover all "relief as may be appropriate to effect the purposes of" the FLSA's anti-retaliation provision. 29 U.S.C. § 216(b).

43.    Plaintiff is specifically entitled to his lost wages, including both front and back pay, liquidated damages in an equal amount, general and compensatory damages, attorneys' fees, prejudgment interest, and the costs of this litigation as a result of Defendants' retaliation.

   Wherefore, Plaintiff prays

      (a)  that process issue against Defendant as provided by law;

      (b)  that, as to Count I, the Court enter judgment against Defendants and in favor of Plaintiff for his unpaid overtime wages pursuant to 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, prejudgment interest,

court costs, and reasonable attorneys' fees, all as provided by 29 U.S.C. § 216;

(c)  that, as to Count II, the Court enter judgment against Defendants and in favor of Plaintiff for his lost wages, including both front and back pay, liquidated damages in an equal amount, general and compensatory damages, attorneys' fees, prejudgment interest, and the costs of this litigation, all as provided by 29 U.S.C. § 216; and

 (d)  for such further and additional relief as the Court deems just and equitable; and

(e)   for trial by jury.

This 5th day of July, 2016.

ORR, BROWN & BILLIPS, LLP

Post Office Box 2944                            s/Kristine Orr Brown
Gainesville, Georgia 30503              Kristine Orr Brown
770-534-1980                                       Georgia Bar No. 554630
770-536-5910 (facsimile)               Matthew C. Billips
kbrown@orrbrownandbillips.com    Georgia Bar No. 057110

ATTORNEYS FOR PLAINTIFF

- 10 -