# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by Onsite Service Solutions, Inc., its officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("OSS"), Advanced Retail Services, Inc., its officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("ARS") and Ben Studer ("Studer") (collectively "Defendants"), and Kevin Voelker ("Voelker"), regarding his claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") (the "claims").

This Agreement is made as a compromise between Voelker and Defendants (collectively, the "Parties") for the complete and final settlement of their claims, differences and causes of actions raised by Voelker.

## RECITALS

WHEREAS, Voelker filed suit against Defendants asserting his claims at issue in this Agreement in the case styled *Voelker v. Onsite Service Solutions, Inc. et al*, Case No. 2:16-cv-168-WCO, U.S. District Court for the Northern District of Georgia (the "Litigation").

WHEREAS, Defendants deny Voelker's allegations regarding his claims.

WHEREAS, on October 14, 2016, the Parties arrived at an agreement to settle his claims.

WHEREAS, Defendants deny, and continue to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in his claims; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of litigation, the Parties have agreed to settle his claims on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation would be uncertain and achieving a final result through litigation would require additional risk, discovery, time and expense.

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in Voelker's claims and Defendants' defenses and assertions concerning ability to pay a judgment in this matter; after balancing the benefits of settlement with the costs, risks, and delay of litigation, Voelker and Voelker's counsel believe the settlement as provided in this Agreement is in the best interests of Voelker and represents a reasonable resolution of his claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

A.  **Consideration:** In order to resolve Voelker's FLSA claims, Defendants agree to pay a total of $19,250.00 (collectively the "Settlement Payment"):

(i)     $11,256.45 to Voelker as overtime wages and liquidated damages, and
(ii)    $6,737.50 to Voelker's counsel for attorney's fees and $1,256.05 costs.

**B.    Settlement Payment and Taxes:**

       1.     One-half of the settlement amount to Voelker for overtime claims in Section (A)(i) (i.e., $5,628.23) shall be allocated to settlement of Voelker's claim for alleged unpaid overtime wages (the "W-2 payment"), and the remaining one-half of the settlement amount to Voelker for overtime claims in Section (A)(i) (i.e., $5,628.22) shall be allocated to settlement of Voelker's claim for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported in Box #3 on IRS Form 1099-MISC (the "1099 payment"). The payments will be made as follows: (i) the W-2 payment shall be paid within ten (10) days of the Court's approval of the Agreement ("Approval Order"), and (ii) the 1099 payment shall be made within twenty (20) days of the Court's Approval Order, pursuant to the Parties' motion for approval of settlement to be filed in the Litigation no later than ten (10) days from the date of this Agreement.

       2.     The payment to Voelker's counsel for attorney's fees and costs pursuant to Section (A)(ii) shall be paid to "Orr, Brown, & Billips, LLC" ("Voelker's Counsel") by separate check without any deduction for any taxes or other withholdings (the "1099 fee payment") within twenty (20) days of the Approval Order. The 1099 fee payment shall be processed by 1099 issued to Voelker's Counsel using a W-9 for Orr, Brown & Billips, LLC.

       3.     Defendants shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Voelker is not relying on any information provided by Defendants concerning the tax consequences of payments made under this Agreement. Voelker agrees to indemnify and hold Defendants harmless of and from any claims of Voelker or third party, including governmental taxing authorities, for income taxes, FICA, or any other taxes of any kind relating to taxes owed by Voelker on the payments set forth in Paragraph (A). In the event one of the Defendants is required to pay taxes owed by or on behalf of Voelker (but not taxes owed by Defendants as employer's portion of taxes owed to any tax authority by or on behalf of Voelker) arising from the payments specified in Paragraph (A), or related interest, penalties or fines, Voelker shall immediately reimburse such Defendant the full amount of such payment or they shall offset that amount against amounts owed to Voelker, but not both.

       4.     Payment by the dates specified in Subsections 1 and 2 above shall be made by delivery of payment to Voelker's Counsel's office by the date provided in this Agreement.

       5.     In the event that Defendants fail to make the settlement payments set forth in Paragraphs **A and B**, the Defendants agree and stipulate that the Northern District of Georgia, Gainesville Division, upon request by Mr. Voelker and demonstration of default, shall enter the Consent Judgment, attached as Exhibit A, in the amount of $19,250.00. Defendants agree to give Mr. Voelker thirty (30) days' notice, through his attorneys, prior to taking any action that would cause the Defendants to be in default or otherwise relieved of making full and timely payment, so as to permit Mr. Voelker to file the Consent Judgment.

C.     **Mutual Releases:** In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Voelker hereby **RELEASES, REMISES, AND FOREVER DISCHARGES** each Defendant, its former and current trustees, officers, administrators, agents, attorneys, employees, personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him/her which he/she may now have against them, either individually, jointly, or severally, expressly limited to only his/her individual claims under the Fair Labor Standards Act for payment of hours worked up to the date of this Agreement, all liquidated damages that Voelker may be entitled to under the FLSA, all attorney's fees that Voelker may be entitled to under the FLSA, and any other award, recovery, damages or compensation that Voelker may be entitled to under the FLSA, and it is expressly agreed that Voelker is not releasing any other claims in this Agreement, and that this release shall not have res judicata or collateral estoppel effect on any claims not expressly released in this Agreement. Each Defendant, its directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** Voelker from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which they may now have against him, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, arising out of or related to his claims released in this Agreement.

D.     **Court Approval:** Within ten (10) business days of the execution of this Agreement the Parties will file with the Court on the publicly available docket a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Voelker's Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendants do not oppose and agrees not to oppose the amount (or the reasonableness of the amount) of Voelker's attorneys' fees to be paid to Voelker's Counsel out of the total Settlement Payment.

E.     **No Admission of Liability:** The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by Defendants. Defendants deny any liability, responsibility, or wrongdoing as alleged in the claims.

F.     **Severability of Provisions:** After approval by the Court, as addressed above, if any portion of this Agreement is held to be invalid by operation of law, the remaining terms of this Agreement shall not be affected and shall continue in full force and effect. If the Court does not approve this Agreement in whole, however, the Parties agree they will attempt, in good faith, to revise this Agreement consistent with the intent of the Parties.

G. **Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

H. **Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

I. **Extension of Time:** The Parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

J. **Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by all of the Parties.

K. **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

L. **No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

M. **Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

N. **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

O. **When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

P. **Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

Q. **Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

R.   **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

_____
Kevin Voelker

Date: 11/7/2016

ONSITE SERVICE SOLUTIONS, INC.

By: Ben Studer
Name: Owner
Title:
Date:

ADVANCED RETAIL SERVICES, INC.

By: Ben Studer
Name: Owner
Title:
Date:

_____
Ben Studer

5